### In re NEWMAN COMPANIES OF WIS., INC., Debtor.

### Bankruptcy No. 84–04423.

United States Bankruptcy Court, E.D. Wisconsin.

Jan. 8, 1985.

Paul S. Medved of Michael, Best & Friedrich, Milwaukee, Wis., for movant.

Russell C. Brannen, Jr., of Smith & O'Neil, S.C., Milwaukee, Wis., for debtor.

## DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

Steven M. Selvick, a former employee of the debtor, has filed a motion under

§ 362(d)(1)[1] of the Bankruptcy Code, asking for relief from the automatic stay of § 362(a), in order that he might file a declaratory judgment action against the debtor in state court.

The debtor is in the business of selling insurance, and Selvick was one of its agents. When he went to work for the debtor some eighteen months ago, he entered into a written employment contract with the debtor, which contract contained a non-compete restrictive covenant agreement. On October 19, 1984, the debtor filed a chapter 11 petition, and on November 9, 1984, Selvick quit his job with the debtor. He wishes to test the validity of the terms of the non-compete agreement in a declaratory judgment action in state court. The debtor has opposed Selvick's motion, arguing that the non-competition provisions of the employment agreement are part of the property of the estate, especially its insurance business, and that they are necessary to an effective reorganization of the debtor in possession.

The motion to vacate stay is a "core" proceeding, disposition of which is within the authority of this court (28 U.S.C. § 157(b), but the underlying dispute raises jurisdictional questions. Selvick's motion and proposed declaratory judgment action reverse what would perhaps be a more usual sequence of events, to-wit, Selvick going out and selling insurance, and the debtor then commencing an action for injunctive relief in order to enforce its contract. In that context, the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2)[2] would apply. Whether or not the non-compete clause in Selvick's employment contract is valid is a matter that is totally governed by state law,[3] and if there were no bankruptcy case pending, no action involving that subject matter could have been commenced in a court of the United States.

Questions concerning abstention need not be addressed here, however, since this matter is governed instead by the provisions of 28 U.S.C. § 959(a).[4] That statute permits debtors in possession to be sued, without leave of the court appointing them, with respect to acts or transactions in the carrying on of their business, and that is what Selvick's declaratory judgment action is about. Although the case involves a pre-petition contract, the dispute itself is concerned with post-petition activity contemplated by Selvick, that is, selling insurance in competition with the debtor corporation. Accordingly, by reason of 28 U.S.C. § 959(a), the stay of § 362(a) does not apply, and Selvick is free to bring his declaratory judgment action in state court.

---

1. Selvick relies upon that portion of § 362(d)(1) which provides that the court shall grant relief from the stay "for cause."

2. 28 U.S.C. § 1334(c)(2): "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction...."

3. WIS.STAT. § 103.465: "RESTRICTIVE COVENANTS IN EMPLOYMENT CONTRACTS. A covenant by an assistant, servant or agent not to compete with his employer or principal during the term of the employment or agency, or thereafter, within a specified territory and during a specified time is lawful and enforceable only if the restrictions imposed are reasonably necessary for the protection of the employer or principal. Any such restrictive covenant imposing an unreasonable restraint is illegal, void and unenforceable even as to so much of the covenant or performance as would be a reasonable restraint."

4. 28 U.S.C. § 959(a): "Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."